UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DAVID HIMBER,
individually and on behalf of a class,

                         Plaintiff(s),            **REPORT AND**
                                        **RECOMMENDATION**
        -against-                 **CV09-4143(SJF) (WDW)**

AUTOMOBILE CLUB OF NEW YORK, INC.,
and DOES 1-10,

                         Defendant(s).
--------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

        Before the court on referral from District Judge Feuerstein is a motion to dismiss by the

defendant Automobile Club of New York, Inc. ("AAA").  DE[14].  The motion is opposed by the

plaintiff, David Himber. For the reasons set forth herein, I recommend that the motion be

**DENIED.**

**BACKGROUND**

        This putative class action was commenced by the filing of a complaint in September

2009.  The plaintiff alleges that the defendant violated section 1681c(g) of the Fair and Accurate

Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FRCA").

That provision prohibits entities that accept credit or debit cards from printing receipts that show

"more than the last 5 digits of the card number or the expiration date upon any receipt provided

at the point of sale or transaction."  15 U.S.C. §1681c(g).  Attached to the complaint is a receipt

dated August 24, 2009, given to the plaintiff by a AAA office in Garden City, New York that

showed the expiration date of his credit card.  The plaintiff brings the action on behalf of himself

and a class pursuant to Federal Rule 23(a) and (b)(3).  The defendant filed the fully briefed

motion to dismiss in January 2010.

**DISCUSSION**

**Standard For Motion To Dismiss**:

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court rejected

the "oft-quoted" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that a

complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." Id. at 45-46. *Twombly*

discarded the "no set of facts" language in favor of the requirement that the plaintiff must plead

enough facts "to state a claim for relief that is plausible on its face." 127 S. Ct. at 1974. Post-

*Twombly,* the court must still assume that well-pleaded factual allegations set forth in a

complaint are true and draw all inferences in favor of the non-moving party (s*ee, e.g., Holmes v.*

*Poskaner,* 342 Fed. Appx. 651(2d Cir. 2009)), but those factual allegations must be enough to

"raise a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact).*'" Williams v. Berkshire Fin. Grp. Inc.*, 491 F. Supp.

2d 320, 324 (E.D.N.Y. 2007)(quoting *Twombly*, 127 S. Ct. at 1969); *see also ATSI*

*Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

There remains a significant difference between factual allegations and legal conclusions.

In *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), the Supreme Court explained that "[t]wo working

principles underlie [the] decision in *Twombly*. First, the tenet that a court must accept as true all

of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the court must

accept as true the factual allegations in the complaint, it is not "bound to accept as true a legal

2

conclusion couched as a factual allegation." *Id.* at 1949-50.  As the *Iqbal* court noted, Federal Rule 8 may be a generous departure from stricter pleading rules of the past, but "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

The second principle underlying *Twombly*, *Iqbal* explains, is that only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.* at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (internal quotation marks and citations omitted). Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 1950 (internal quotation and punctuation marks omitted).  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  With these standards in mind, I turn to the issues raised in the motion.

**"Willfulness" under FACTA**

The plaintiff alleges a willful violation of FACTA, 15 U.S.C. §1681c(g)(1), which addresses truncation of credit and debit card numbers, and provides that:

> . . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

He notes that the FCRA, of which FACTA is a part, imposes civil liability for willful noncompliance, providing in relevant part:

> §1681n Civil Liability for willful noncompliance

3

(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of -

    (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000; . . .
    (2) such amount of punitive damages as the court may allow; and
    (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Here, the plaintiff has alleged no actual damages, but seeks statutory damages based on AAA's alleged willful violation.  Statutory damages are available under FACTA only for willful violations, not negligent violations, which require the demonstration of actual damages.  15 U.S.C. §1681o(a).

FACTA was enacted in 2003, and was written to take effect "3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005," that is, December 4, 2006.  For machines put into use after January 1, 2005, the statute became effective one year after December 4, 2003, that is, on December 4, 2004.

After the deadline for FACTA compliance had passed, many lawsuits were started alleging, as here, only a violation of the expiration date provision and not the card number provision.  "Congress found that these lawsuits did not allege any actual harm, that proper truncation of the card number by itself was sufficient to prevent fraud or identity theft, and that these lawsuits represented a significant burden on commerce."  *Bateman v. American Multi-Cinema, Inc.,* 252 F.R.D. 647, 649-50 (C.D. Cal. 2008).  So, Congress amended FACTA, adding a section entitled "Clarification of willful compliance" to relieve businesses of potential liability for failing to remove expiration dates from credit card receipts, providing:

4

For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful concompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

15 U.S.C. §1681n(d).

Here, Himber alleges that the defendant "willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA."  DE[1], Compl. ¶52.  He has attached to the Complaint a receipt dated August 8, 2009 that bears his credit card's expiration date.  As damages, he seeks (1) statutory damages of $100 to $1000 per violation; (2) attorneys fees, litigation expenses and costs; and (3) punitive damages.  *Id.*, Wherefore Clause.  The Complaint also seeks certification of a class defined as "all persons to whom Automobile Club of New York, Inc. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in New York, which receipt (a) was issued after December 4, 2006 and displays more than the last five digits of the person's credit card or debit card number; or (b) was issued after June 3, 2008 and displays the expiration date of the person's credit or debit card."  Complaint, ¶21.

The Complaint recounts the history and purpose of the FACTA requirements, with general allegations about the widespread dissemination of those requirements to merchants and compliance on the part of most of defendant's business peers and competitors.  *See* Complaint, ¶¶ 31-51.  With specific regard to AAA, the Complaint alleges, *inter alia*, that after the effective date of FACTA, AAA provided receipts that failed to comply with the statute; that AAA accepts Visa and is a party to a contract with Visa requiring compliance with the FACTA requirements; that the August 12, 2006 edition of "Rules for Visa Merchants, which is distributed to and

5

binding upon all merchants that accept Visa required that receipts should show only the last four digits of the card numbers and no expiration dates starting in July 2006.  Complaint, ¶¶ 32, 39, 40.

The defendant argues, first, that the complaint must be dismissed because it "fails to set forth specific facts plausibly supporting Plaintiff's conclusory contention that AAA NY acted 'willfully,'" arguing that Himber offers only a "formulaic recitation of the FACTA claim elements that constitutes mere 'labels & conclusions.'" DE[15], Mem. in Supp. at 1 & 4.  This approach, AAA asserts, runs afoul of the pleading requirements set forth in *Iqbal*, which held that "Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 129 S. Ct. at 1950.  This argument has been repeatedly rejected by courts that have considered it in FACTA cases[1].  *See, e.g., Ehrheart v. Lifetime Brands,* 498 F. Supp. 2d 753 (E.D. Pa. 2007); *Harris v. Circuit City Stores*, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008); *Ramirez v. Midwest Airlines, Inc.,* 537 F. Supp. 2d 1161 (D. Kan. 2008); *In re The TJX Cos*., 2008 WL 2020375 (D. Kan. May 9, 2008).  Those courts have generally found that where the plaintiff recounts the legislative history of the statute, including its purpose and relevant dates, and alleges a violation that occurred after the requirements of the statute were disseminated among retailers and others who use credit and debit cards and alleges willful violation based on the facts recounted, such allegations, taken as true, state a plausible claim for willful violations of FACTA.  In fact, one court has found, such allegations "are typical of FACTA claims, and courts have almost uniformly rejected the argument that such allegations do not sufficiently allege

---

[1]Research has yielded no cases in this District or any of the Districts in the Second Circuit deciding FACTA issues.

willful violations of the statute." *In re The TJX Cos.,* 2008 WL 2020375 at *2(citing cases).

Not every court agrees with that holding, however.  In *Gardner v. Appleton Baseball Club,* the Wisconsin District Court dismissed a complaint for failure to adequately allege willfulness, applying the principles set forth in *Iqbal.*  2010 WL 1368663 (E.D. Wis. Mar. 31, 2010).  That court found that, contrary to the principles set forth in *Twombley* and *Iqbal,* there was "no detail or factual basis in the complaint upon which one could reasonably infer that the violation was willful, other than the fact that the violation occurred."  *Id.* at *3.  The complaint, the court found, "merely 'parrot[ed]' the statutory language without providing any specific facts," and the essence of the complaint was that "the Defendant violated the Act, some other businesses did not violate the Act, therefore the defendants's violation was willful."  *Id.* at **5-6.  The court found further that it was just as reasonable to infer from the allegations that "a company could print an expiration date on a credit card receipt negligently rather than willfully.  Indeed, it is far more likely that the violation was merely negligent, if even that," and concluded that the inference of willfulness in that case was "a facially *implausible* one."  *Id.* at **6-7 (emphasis in original).  To create plausibility the plaintiffs would need to plead "more than conclusions and inferences based on generalities."  *Id.* at 7.

The allegations in the *Gardner* complaint appear to be very similar to those in Himber's complaint and similar as well to those in the many cases that found them to be sufficient, some of which were decided pre-*Iqbal.*  I find that the Complaint herein just barely meets the *Iqbal* standard.  Himber alleges that AAA accepts Visa and that Visa told the merchants that accepted its cards about the FACTA requirements and that such merchants were contractually obligated to comply with those requirements.  Although the Complaint is quite bare of more specific

allegations about AAA's alleged willfulness, those are enough to withstand the motion to dismiss on *Twombley/Iqbal* grounds.

The defendant argues that the Complaint fails to allege willfulness on other grounds, as well. In order to be willful for purposes of 15 U.S.C.§1681n, AAA's violation of FACTA must have been either knowing or reckless. *See Earhart,* 498 F. Supp. 2d at 756 (citing *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47 (2007)). AAA argues that Himber does not allege a knowing violation and thus must be alleging recklessness. Under *Safeco*, AAA continues, recklessness requires a showing of "an unjustifiably high risk of harm." DE[15] at 5-6. Not only does the complaint fail to allege such harm, AAA urges, but the display of an expiration date on a receipt, without more, cannot cause such harm. The Kansas District Court explained in *Ramirez* that the argument that the "risk of harm" standard from tort law was read into FACTA by the Supreme Court in *Safeco* is not supported by a close reading of that case. Instead, *Ramirez* found, the import of *Safeco* was that the use of the term "willfully" in FACTA does not limit liability to knowing violations, but includes reckless violations as well, and that the "harm" referred to a violation of the statute, not the impact on the plaintiff. *See Ramirez,* 537 F. Supp. 2d at 1169. I adopt that reading of *Safeco* here. *Safeco* noted that reckless conduct violates "an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" 551 U.S. at 68(quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). It is the <u>risk</u> of harm that must be unjustifiably high, not the harm itself.

Finally, while Congress's findings in regard to the Clarification provision of the Act may, as the defendant argues, reflect Congress's determination that inclusion of the expiration date alone, where the card number is properly truncated, does not present a risk of potential identity

8

theft or credit card fraud, that provision does not absolve merchants from the responsibility of deleting the expiration date after June 3, 2008.  FACTA, on its face, retains the prohibition of expiration dates, and Himber's receipt was dated more than a year after the extended deadline set forth in the Clarification. For all these reasons, I recommend a finding that the Complaint plausibly alleges a willful FACTA violation.

**Class Allegations**

Alternatively, the defendant argues that the class allegations regarding receipts displaying more than the last five digits of the card number should be stricken, because Himber's receipt contained only the last four digits and he lacks standing to bring that claim.  That argument is better considered on a motion for class certification rather than a motion to dismiss, and does not change the finding that the motion to dismiss should be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
           May 21, 2010

                                                    /s/ William D. Wall
                                                    WILLIAM D. WALL
                                                    United States Magistrate Judge