UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID HIMBER, individually and on behalf of a class,

                        Plaintiff,

-against-                      **ORDER**
                                     **CV-09-4143(SJF)(WDW)**

AUTOMOBILE CLUB OF NEW YORK, INC. and DOES 1-10,

                        Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

       On September 25, 2009, plaintiff David Himber ("plaintiff") commenced this putative class action against defendants Automobile Club of New York, Inc. ("defendant") and Does 1-10 alleging, *inter alia*, violations of Section 1681c(g) of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(g). By electronic order dated January 15, 2010, defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was referred to Magistrate Judge William D. Wall for a report and recommendation in accordance with 28 U.S.C. § 636(b). By Report and Recommendation dated May 21, 2010 ("the Report"), Magistrate Judge Wall recommended that defendant's motion be denied. Pending before the Court are defendant's objections to the Report. For the reasons stated herein, the Court accepts Magistrate Judge Wall's Report in its entirety.

1

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

Defendant contends, *inter alia*, that Magistrate Judge Wall erred: (1) in accepting plaintiff's "formulaic allegations relating to the purported willful[ness] of [defendant's] violation of FACTA as sufficient to show a plausible claim for * * * relief," (Def. Obj., p. 1); and (2) in failing to consider "that the 'Rules for Visa Merchants' is not alleged to actually spell out the

2

particulars of the FACTA law to contracting merchants," i.e., the Complaint does not allege that the "Rules for Visa Merchants" informed defendant that credit card receipts must show only the last four (4) digits of the credit card numbers and no expiration dates starting in July 2006 in order to comply with FACTA, (Def. Obj., p. 2).

Upon *de novo* review of the Report and consideration of defendant's objections and plaintiff's responses thereto, defendant's objections are overruled and the Report is accepted in its entirety. The allegations in the complaint are sufficient to state a claim for statutory damages under FACTA based upon defendant's willful noncompliance of the statute. See, e.g. Desousa v. Anupam Enterprises, Inc., No. 2:09-cv-504-FtM-29DNF, 2010 WL 2026114, at * 3 (M.D. Fla. May 20, 2010) (holding that in finding that statutory willfulness extends to acts done with reckless disregard of statutory duty, the Supreme Court in Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-60, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007), did not also provide that such reckless disregard was an additional allegation that must be pled); Buechler v. Keyco, Inc., Civil No. WDQ-09-2948, 2010 WL 1664226, at * 2 (D. Md. Apr. 22, 2010) (finding that the complaint plausibly alleged a willful violation of FACTA based upon, *inter alia*, allegations that the defendant issued a noncompliant credit card receipt despite the well-publicized enactment of FACTA; the Federal Trade Commission's guidance contained in a business alert; the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. § 1681n(d), pertaining to expiration date truncation; and FACTA compliance by the defendant's competitors).

II.  Conclusion

Upon *de novo* review of the Report, defendant's objections are overruled, the Report is

3

accepted in its entirety and defendant's motion to dismiss is denied. The parties are directed to appear in my courtroom, located at 1010 Federal Plaza, Central Islip, New York, 11722, on **July 6, 2010 at 11:30 a.m.**, with authority or persons with authority to settle this matter, for an initial conference. The parties are directed to confer in good faith to attempt to settle this matter prior to the conference.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 21, 2010
Central Islip, New York

4