UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVID HIMBER, individually and on behalf of a class, :

                                                  :       **Case No. 09 Civ. 4143 (SJF)(WDW)**

                                   **Plaintiff,**    :

                                   **- against -**     :

                                                    :
**AUTOMOBILE CLUB OF NEW YORK, INC., and** :
**DOES 1-10,** :
                               **Defendant.**    :
-------------------------------------------------------------------X

## DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES

      Defendant Automobile Club of New York, Inc. (hereinafter "AAA New York"), by its attorneys SEYFARTH SHAW LLP, hereby answers the Complaint (hereinafter "Complaint") of the Plaintiff David Himber filed September 25, 2009, in the same numbered order as the allegations appear therein as follows:

      1-3.    Paragraphs 1 through 3 of the Complaint set forth mere legal argument and conclusion to which no response is required; to the extent said paragraphs may be construed to state facts, said facts are denied.

      4.    AAA New York is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Complaint, except admits that the purpose of the "truncation requirement" is to prevent identity theft.

      5-7.    AAA New York is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 5 through 7 of the Complaint.

      8-9.    Paragraphs 8 and 9 of the Complaint set forth mere legal argument and conclusion to which no response is required; to the extent said paragraphs may be construed to state facts, said facts are denied.

10.     Denied.

11.     The first sentence of paragraph 11 of the Complaint sets forth mere legal argument and conclusion to which no response is required; to the extent said paragraph may be construed to state facts, said facts are denied.  AAA New York is without knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint sets forth mere legal argument and conclusion to which no response is required; to the extent said paragraph may be construed to state facts, said facts are denied.

13.     AAA New York denies the allegations set forth in paragraph 13 of the Complaint, except admits that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.

14.     Admitted.

15.     AAA New York is without knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph 15 of the Complaint.

16.     Defendant AAA New York denies the allegations set forth in paragraph 16 of the Complaint, except admits that it is a New York not-for-profit corporation with its principal place of business located at 1415 Kellum Place, Garden City, New York 11530.

17.     Admitted.

18.     AAA New York is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Complaint.

19.     AAA New York denies the allegations set forth in paragraph 19 of the Complaint, except admits that on August 24, 2009, plaintiff David Himber received from AAA New York a

2

8152763v.1

receipt which displayed plaintiff's card expiration date and that a copy of the receipt is annexed to the Complaint as Exhibit A, with the card expiration date redacted.

20.     Paragraph 20 of the Complaint sets forth mere legal argument and conclusion to which no response is required; to the extent said paragraph may be construed to state facts, said facts are denied.

21.     Paragraph 21 of the Complaint sets forth mere legal argument and conclusion to which no response is required; to the extent said paragraph may be construed to state facts, said facts are denied.

22.     Paragraph 22 of the Complaint sets forth mere legal argument and conclusion to which no response is required; to the extent said paragraph may be construed to state facts, said facts are denied.

23.     AAA New York denies the allegations set forth in paragraph 23 of the Complaint, except admits that there are over 100 persons to whom AAA New York provided an electronically printed receipt at the point of transaction, in a transaction occurring in New York, which receipt was issued after June 3, 2008 and displays the expiration date of the person's credit or debit card.

24-27.  Paragraphs 24-27 of the Complaint set forth mere legal argument and conclusion to which no response is required; to the extent said paragraphs may be construed to state facts, said facts are denied.

28-30.  Paragraphs 28-30 of the Complaint set forth mere legal argument and conclusion to which no response is required; to the extent said paragraphs may be construed to state facts, said facts are denied.

8152763v.1

31.     AAA New York denies the allegations set forth in paragraph 31 of the Complaint, except admits that it accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and that in transacting such business, AAA New York uses devices that electronically print receipts for credit card and/or debit card transactions.

32.     Denied.

33.     Paragraph 33 of the Complaint sets forth mere legal argument and conclusion to which no response is required; to the extent said paragraph may be construed to state facts, said facts are denied.

34-35.  AAA New York is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 34 and 35 of the Complaint.

36-39.  AAA New York is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 36 through 39 of the Complaint.

40.     AAA New York denies the allegations set forth in paragraph 40 of the Complaint, except admits that AAA New York accepts Visa cards.

41-47.  AAA New York is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 41 through 47 of the Complaint.

48-51.  AAA New York is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 48 through 51 of the Complaint.

52.     Denied.

53-54.  Paragraphs 53 and 54 of the Complaint set forth mere legal argument and conclusion to which no response is required; to the extent said paragraphs may be construed to state facts, said facts are denied.

4

**WHEREFORE** Defendant Automobile Club of New York, Inc. respectfully prays that Plaintiff's Complaint be dismissed with prejudice, that AAA New York recover its costs and attorneys' fees in this proceeding, and that the Court award such other and further relief as the Court may deem just, equitable, and proper.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following Defenses, Defendant AAA New York does not concede that it is required to prove any of the matters covered by the numbered defenses below. AAA New York further alleges its position that Plaintiff retains the burden of proof on all matters necessary to state the claim(s) asserted in the Complaint and to establish his alleged damages. Without unnecessarily assuming the burden of proof, AAA New York sets forth the following separate affirmative and other defenses:

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff lacks standing under Article III of the United States Constitution because he has not suffered injury in fact that is concrete and particularized.

3.      Plaintiff lacks standing to assert a claim based on receiving a receipt displaying more than the last five digits of his credit card or debit card number since he does not allege facts establishing that he received any such receipt.

4.      AAA New York did not commit any wrongful act against Plaintiff and/or members of the putative class. Accordingly, AAA New York is not responsible for any alleged damages to Plaintiff and/or members of the putative class.

5

5.      Plaintiff and/or members of the putative class are barred from asserting any claims for relief against AAA New York because none of them have suffered any damages as a result of any action taken by AAA New York.

6.      The statutory and punitive damages sought by Plaintiff are unconstitutionally excessive and arbitrary.

7.      The statutory and punitive damages sought by Plaintiff are unconstitutionally vague.

8.      Any award of statutory or punitive damages absent a finding of actual injury would constitute an unconstitutional breach of AAA New York's rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution.

9.      Plaintiff's proposed class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

10.     Plaintiff's Complaint, and each purported violation alleged therein, is barred in whole or in part by the applicable statute of limitations.

11.     The claims of Plaintiff and/or the members of the putative class are barred by the fact that AAA New York acted reasonably and in good faith at all times relevant herein, based on the relevant facts and circumstances known by AAA New York at the time AAA New York so acted.

12.     The Complaint fails to allege facts sufficient to certify a class pursuant to Federal Rule of Civil Procedure 23 and, therefore, this action is not properly brought as a class action.

13.     Plaintiff is not a proper representative of the class he purports to represent. Accordingly, this action is not properly brought as a class action.

8152763v.1

14.    The Complaint fails to allege facts sufficient to support Plaintiff's conclusory allegation that AAA New York acted willfully.

15.    Plaintiff and/or the members of the putative class would be unjustly enriched if they recovered any of the damages alleged in the Complaint against AAA New York.

16.    AAA New York reserves the right to assert and rely upon such other and further defenses as may be supported by the facts to be determined by full and complete discovery.


Dated: New York, New York
       October 8, 2010

                              Respectfully submitted,

                              SEYFARTH SHAW LLP


                    By:    _____
                              Brian S. Cousin
                              Neil A. Capobianco

                              620 Eighth Avenue, Suite 3200
                              New York, New York  10018
                              (212) 218-5500

                              *Attorneys for Defendant*
                              *Automobile Club of New York, Inc.*

8152763v.1